Record/FILE ON DEMAND

**RECEIVED**
APR 29 2024
AT 8:30_____ M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nelson L. Bruce, | CASE NO.: 2:22-cv-01292-BHH-MGB |
| Plaintiff(s), | |
| vs. | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM NON-PARTIES T-MOBILE USA, INC. WHO WAS SERVED A SUBPOENA BY THE PLAINTIFF** |
| REV FEDERAL CREDIT UNION, TRANS UNION, LLC, et al. | |
| Defendant(s). | |

Plaintiff **Nelson L. Bruce,** hereby moves this court for an order compelling Non-Party T-Mobile USA, Inc. to produce documents related to Subpoenas. Plaintiff originally filed this motion in the U.S. Court for the district of South Carolina on 2-28-2024 in case no. 22-cv-01292-BHH-MGB. See…ECF No. 150. The motion was denied because plaintiff filed his motion to compel in the wrong jurisdiction. See…ECF No. 162. Plaintiff filed a motion for an extension of time to file the motions to compel in the proper jurisdiction where the court granted plaintiff's motion and extended the time ordering plaintiff to file a status report by April 29, 2024. See…ECF No. 167 and 168.

### REQUEST TO COMPEL DISCOVERY FROM T-MOBILE USA, INC.

On or about 1-18-2024, Plaintiff filed a motion requesting for subpoenas to be issued to non-party, T-Mobile USA, Inc.. ("T-Mobile"), See…ECF No. 137. On 1-19-2024, this court granted plaintiff's Motion for Issuance of Subpoena and directed the Clerk of Court to issue the subpoenas and mailed out the subpoenas to plaintiff (See…ECF No. 138). On 1-26-2024, non-party T-Mobile was served with plaintiff's subpoena (see…ECF No. 145). On 2-14-2024, T-Mobile responded to plaintiff's subpoena with objections raising the following objections, 1) In

Page 1 of 4

regard to identifier(s) ending in 3943, The legal demand does not include a place for delivery of records. 2) In regard to identifier(s) ending in 3943, T-Mobile is unable to acknowledge the existence of legal demands or any response thereto. Please direct your request to the government entity, which would be the primary source of the information sought. 3) Notwithstanding the above objections, and without waiving same, T-Mobile may also object to the referenced legal demand for one or more of the following reason(s): a) failure of personal service; b) lack of personal jurisdiction; c) demand is facially invalid; d) demand is overbroad, unduly burdensome and/or not refined in scope or date range; e) demand does not provide reasonable time for response; f) demand seeks electronic records that are not readily accessible; and/or g) demand seeks records that are not stored or maintained by T-Mobile (see…Exhibit - 4).  T-Mobile objections are vague and do not point out a valid specific reason for their failure to respond.  Based the original subpoena by Trans Union to T-Mobile, this non-party has no issues responding to and producing the documents to Trans Union.  The location to produce the documents is the same location where they successfully produced documented responses to Trans Union therefore their objections fail (see…Exhibit 5).  On 2-15-2024, plaintiff responded to T-Mobile Objections with a reply (see…Exhibit - 6). Plaintiff did not receive any responses from T-Mobile after plaintiff's last response to them. Plaintiff's subpoena only request the documentation that T-Mobile claimed they are in possession of and viewed that support what they already claimed they verified as a matter of their records and have stated this under penalty of perjury (See…Exhibit 5) by their Legal and emergency response department who claims to have knowledge.  The production of these items cannot be burdensome because they have recently reviewed the information that plaintiff is now requesting be produced and have testified to such documents but now appear to claim that the electronic records are not readily accessible and/or the records are not stored or maintained by T-Mobile when their declaration produced to Trans Union states otherwise.  For these reasons, plaintiff requested that

this court compel T-Mobile to respond to plaintiff's subpoena.

**WHEREFORE**, since T-Mobile refuses to comply with plaintiff's discovery requests, Plaintiff respectfully moves this court for an order to compel this non-parties to comply with plaintiff's subpoena within 10 calendar days from the courts order so that plaintiff has the opportunity to complete discovery without any further delays. Should this court find that this non-parties failure to comply was in bad faith that this court issue sanctions against the non-party.

**Certification of Plaintiff:**

I <u>Nelson L. Bruce</u> hereby certify that I have in good faith conferred or attempted to confer with this party for discovery as presented above in an effort to obtain it without court action. Date this <u>24th</u> day of **April, 2024.**

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by Email and U.S.P.S. Priority Mail to the party listed below:

**SENT TO:**

**Legal & Emergency Response
4 Sylvan Way, Parsippany, N.J. 07054
Email: lerinbound@t-mobile.com and LERRecords@T-Mobile.com
Priority Mail No.: 9405 5036 9930 0680 1244 60**

Date this 24<u>th</u> day of **April, 2024**.

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com