**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 4040**<br>**NEWARK, NJ 07101**<br>**973-776-7862** |

**LETTER ORDER**

October 1, 2024

*All counsel of record via ECF*

**Re:** **Bruce v. Rev Federal Credit Union, Trans Union, LLC, et al**
        **Civil Action No. 2:24-cv-05721 (MEF) (CLW)**

Counsel:

This will address Nelson L. Bruce's motion to compel compliance with a *subpoena duces tecum* he issued to non-party T-Mobile USA. (ECF No. 1). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this application without oral argument. Upon careful consideration of the parties' submissions, and for the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE.**

**I.**    **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On April 21, 2022, Mr. Bruce brought an action for damages against Defendants Trans Union, LLC and REV Federal Credit Union in the United States District Court for the District Court of South Carolina. (Case No. 2:22-cv-01292-BHH-MGB) ("South Carolina Action"). On January 18, 2024, Mr. Bruce filed a motion requesting that the District of South Carolina issue a subpoena to non-party T-Mobile USA, Inc. ("T-Mobile"), a New Jersey-based entity. (South Carolina Action, ECF No. 137). On January 26, 2024, Mr. Bruce arranged for the service of *subpoena duces tecum* on T-Mobile. (South Carolina Action, ECF No. 145).

On February 28, 2024, Mr. Bruce filed a motion in the South Carolina Action asking, among other things, that the Court compel T-Mobile's compliance with his subpoena. (South Carolina Action, ECF No. 150). By Order dated April 8, 2024, the Hon. Mary Gordon Baker, U.S.M.J. denied Mr. Bruce's application as to T-Mobile, finding that he had "failed to comply with the jurisdictional requirements of Rule 45(d)(2)(B)(i)." (South Carolina Action, ECF No. 162 at 5). Specifically, Mr. Bruce filed his motion to compel in the district that issued his subpoena (the District of South Carolina), rather than the district in which T-Mobile would have to comply (the District of New Jersey). (*Id.*).

On April 29, 2024, Mr. Bruce commenced this action by filing a motion to compel compliance with the same subpoena in the United States District Court for the District of New Jersey. (*Generally* Pl. Motion, ECF No. 1). Mr. Bruce specifically requests that the Court require T-Mobile to respond to the subpoena within ten (10) calendar days from the court order so that he has the opportunity to complete discovery without any further delays. (*Id.*). He also requests that the court issue sanctions against T-Mobile, should it find that its noncompliance was in bad faith. (*Id.*).

**II.    LEGAL DISCUSSION**

Federal Rule of Civil Procedure 34, which generally governs the production of documents in discovery, provides that "a nonparty may be compelled to produce documents and tangible things or to permit an inspection" in accordance with Rule 45. Fed. R. Civ. P. 34(c). Rule 45, in turn, sets forth requirements for the form, service, and enforcement of subpoenas, including those intended to command a non-party to produce documents. *Generally* Fed. R. Civ. P. 45.

The Court has identified two significant concerns with Mr. Bruce's current application. First, Mr. Bruce has not submitted a copy of the underlying subpoena with his motion to compel.

The Court is, therefore, unable to determine precisely what Mr. Bruce is seeking from T-Mobile. Instead, Mr. Bruce has attached a subpoena that Trans Union LLC allegedly served on T-Mobile in connection with the South Carolina Action. (Pl. Motion at "EXHIBIT – 5", ECF No. 1-2 at 4-8). Based on this incomplete record, the Court cannot make an informed determination as to whether the subpoena is enforceable against T-Mobile under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(3) (setting forth circumstances in which the Court "must" or "may" quash a subpoena). Similarly, while Mr. Bruce represents that he sent a copy of his motion to compel to T-Mobile's legal department via e-mail and U.S.P.S. Priority Mail, (Pl. Motion at 4, ECF No. 1), that submission - lacking a copy of the subpoena in question and instead including a copy of a subpoena served by Trans Union, LLC – does not put T-Mobile on adequate notice of the relief he now seeks. This is particularly significant given that T-Mobile has not appeared in response to Mr. Bruce's motion to quash.

The Court must, therefore, deny Mr. Bruce's motion without prejudice to his ability to file a new application – on appropriate notice to T-Mobile – that addresses these issues.

### III. CONCLUSION

Based on the foregoing, it is on this 1st day of October, 2024,

**ORDERED** that Mr. Bruce's motion to compel, (ECF No. 1), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall kindly send a copy of this Order to Mr. Bruce via Certified Mail.

s/Cathy L. Waldor<br>
**Cathy L. Waldor**<br>
**United States Magistrate Judge**