UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

December 6, 2024

Re:   Bruce v. Rev Federal Credit Union, Trans Union, LLC, et al
      Civil Action No. 2:24-cv-05721 (MEF) (CLW)

Litigants:

This will address Nelson L. Bruce's Motion to Reopen Case and Compel Compliance With Subpoena. (ECF No. 5).

The Court set forth the relevant procedural history for this matter in its Letter Orders dated October 1, 2024 and October 10, 2024, (ECF Nos. 4, 6), and incorporates that information herein for the sake of efficiency. The Court nevertheless notes certain facts that bear directly on its decision herein. While the record reflected that Mr. Bruce had arranged for service of the underlying subpoena on T-Mobile USA via the U.S. Marshal, it was unclear whether he had done the same with regard to his motion to compel. To eliminate any question about whether T-Mobile had a full and fair opportunity to respond to that application, the Court directed the Clerk of the Court to send a copy of Mr. Bruce's motion (and other related filings) to T-Mobile via certified mail. (Oct. 10, 2024 Order, ECF No. 6). The Clerk of the Court did so, (*see* ECF No. 6-1) (Certified Mail Receipts), and the record reflects that T-Mobile received those materials. (ECF No. 7) (Certified Mail Receipt Returned stamped by T-Mobile in the "signature" section). The

Court is therefore satisfied that T-Mobile has received (1) Plaintiff's underlying subpoena; (2) Plaintiff's motion to enforce compliance with that subpoena; and (3) this Court's October 10, 2024 Order. That Order required T-Mobile to file any response to Mr. Bruce's motion on or before November 8, 2024. (Oct. 10, 2024 Order at 2, ECF No. 6). To date, T-Mobile has neither done so nor asked for an extension of time to respond. The Court will therefore treat Mr. Bruce's motion to enforce as unopposed.

**LEGAL DISCUSSION**

The Court begins its analysis by observing that "[a] Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597 (FLW), 2007 U.S. Dist. LEXIS 59705, at *4 (D.N.J. Aug. 13, 2007); *accord Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046 (PGS), 2014 U.S. Dist. LEXIS 119878, at *2 (D.N.J. Aug. 27, 2014) ("[T]he permissible scope of discovery under Rule 45 is the same as under Rule 26(b)."). Rule 26(b)(1), in turn, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." "Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage." *Cdk Glob. v. Tulley Auto. Grp.,* No. 15-3103 (KM), 2018 U.S. Dist. LEXIS 237964, at *6 (D.N.J. June 28, 2018) (citing *Tele—Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)); *accord Berardino v. Prestige Mgmt. Servs.*, No. 2:14-cv-3451 (ES), 2017 U.S. Dist. LEXIS 229510, at *5 (D.N.J. Dec. 8, 2017) ("The Rule 26 relevancy requirement has been construed 'broadly and liberally.'") (quoting *DIRECTV. Inc. v. Richards*, No. 03-5606 (GEB), 2005 U.S. Dist. LEXIS 43764, at *8 (D.N.J. June 22, 2005)).

"If the subpoenaing party shows the documents sought to be relevant, the resisting non-party must 'explain why discovery should not be permitted.'" *Biotechnology Value Fund, L.P.*, 2014 U.S. Dist. LEXIS 119878 at *2-3 (citation omitted). Indeed, "[t]he party opposing the subpoena . . . bears a heavy burden of demonstrating that an order to quash would be proper under [Federal Rule of Civil Procedure 45]." *Malibu Media, LLC v. Doe*, No. 15-1742 (MCA), 2015 U.S. Dist. LEXIS 139966, at *2-3 (D.N.J. Oct. 14, 2015) (collecting cases). Subpart (d) of that Rule provides several mechanisms for subpoenaed parties to challenge, and for the Court to address, unduly burdensome or otherwise legally problematic subpoenas.

First, Rule 45(d)(1), which requires any party or attorney serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena", also explicitly directs the Court to "enforce [that] duty and impose an appropriate sanction" in the event of noncompliance. Fed. R. Civ. P. 45(d)(1). Next, Rule 45(d)(3)(A) *requires* that the Court quash or modify any subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Finally, under Rule 45(d)(3)(B), the Court may, in its discretion, quash or modify any subpoena that requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(B).

3

In the underlying action pending in the United States District Court for the District of South Carolina, Mr. Bruce alleges, in pertinent part, that Trans Union wrongfully released his consumer credit report in response to a request from T-Mobile, despite the fact that Mr. Bruce did not have an account with that entity. (Am. Compl. ¶ 32, ECF No. 29 in District of South Carolina Civil Action No. 22-1292). In his subpoena to T-Mobile, Mr. Bruce seeks a single category of documents:

> On December 20, 2023 a declaration signed by Deisi Franco under penalty of perjury was sent to Trans Union. Since I am unaware of any services with T-Mobile USA, Inc., I am now asking that you produce the documents supporting your declaration that you produced to Trans Union by producing any and all documents in your custody, control, or possession related to your declaration the you reviewed evidencing any and all agreement/contract documents allegedly signed by plaintiff with T-Mobile on January 1, 2013 which evidences that plaintiff subscribed and started services with T-Mobile creating an account with a phone number of 8435313943 via a signed and dated agreement/contract dated January 1, 2013 as provided in your declaration. This should also include any and all documents evidencing the service type (whether pre-paid service or contract service with a term of 6 months or more), the terms of the agreement, and amount plaintiff allegedly agreed to pay for services with T-Mobile, the history of payments evidencing the exact amount of paid to T-Mobile including cleared transactions evidencing successful payments on the account, any and all correspondences, to plaintiff documenting the termination date of 1-26-2023 and the Account effective date of 3-l 7-2023.

(Subpoena, ECF No. 5-1 at pages 6-10). The subpoena further defines the term "Account" by providing a specific account number. In essence, Mr. Bruce is seeking all documents in T-Mobile's possession, custody, or control concerning a specific telephone number and account that T-Mobile has, purportedly, represented to Trans Union as belonging to Mr. Bruce. As the Court finds that information regarding that account is relevant to Mr. Bruce's claims in the South Carolina action and proportional to the needs of that case, that information falls within the scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

4

As T-Mobile has not responded to Mr. Bruce's motion, it has not met its "heavy burden of demonstrating that an order to quash would be proper under [Federal Rule of Civil Procedure 45]." *Malibu Media, LLC,* 2015 U.S. Dist. LEXIS 139966, at *2-3. Nor does it appear from the record that Rule 45(d)(3) requires this Court to quash or modify the subpoena in question. The Court will, therefore, **GRANT** Mr. Bruce's application and enter an Order compelling T-Mobile to comply with the subpoena.

**CONCLUSION**

Based on the foregoing, it is on this 6th day of December, 2024,

**ORDERED** that Mr. Bruce's renewed motion to compel compliance with his subpoena, (ECF No. 5), is **GRANTED**; and it is further

**ORDERED** that T-Mobile shall produce the records sought in Mr. Bruce's subpoena **ON OR BEFORE JANUARY 10, 2025**; and it is further

**ORDERED** that the Clerk of the Court shall kindly send a copy of this Letter Order via Certified Mail to T-Mobile at the following address:

T-Mobile
Legal & Emergency Response
4 Sylvan Way, Parsippany, NJ 07054

and it is further

**ORDERED** that the Clerk of the Court shall also kindly send a copy of this Order to Mr. Bruce via Certified Mail; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

s/Cathy L. Waldor
**Cathy L. Waldor**
**United States Magistrate Judge**